Wachtler, J. (dissenting).
Section 210 of the Civil Service Law, the so-called Taylor Act, forbids public employees or their organizations from engaging in, causing, instigating, encouraging or condoning strikes. Subdivision 2 of the statute effectuates that purpose by allowing the chief executive officer to fine any striker two days’ pay for each day of the strike and to strip that striker of his or her tenure without a prior hearing. The chief executive officer makes his initial determination based on “ such investigations and affidavits as he may deem appro *792 priate ”. After the alleged striker has been denied a prior hearing, he may also be denied any hearing at all if the chief executive officer determines that the affidavits and other documents submitted by the employee do not raise a ‘[1] question of fact which, if resolved in favor of the employee, would establish that the employee did not violate this subdivision”. (Id.) The main thrust of appellants ’ arguments in these cases is that the denial of the prior hearing and the possibility that no hearing at all would be given the employee if the executive, in his sole discretion, denies such a hearing, is violative of the due process clauses of the Federal (U. S. Const., 14th Arndt.) and New York State Constitutions. (N. Y. Const., art. I, § 6).
The United States Supreme Court has repeatedly held that any taking of property or liberty without a prior hearing is constitutionally impermissible absent an overriding State interest. (See, e.g., Fuentes v. Shevin, 407 U. S. 67; Bell v. Burson, 402 U. S. 535; Wisconsin v. Constanineau, 400 U. S. 433; Goldberg v. Kelly, 397 U. S. 254; Sniadach v. Family Finance Corp., 395 U. S. 337.) The deprivation of the use of the striker’s money (i.e., the fine) is clearly a deprivation of property, and it is now equally clear that tenure rights are also protected under the Fourteenth Amendment. (See Board of Regents v. Roth, 408 U. S. 564, 577; Perry v. Sinderman, 408 U. S. 593; Slochower v. Board of Educ., 350 U. S. 551.) The constitutional mandate of the prior hearing applies even if the deprivation is for a relatively short time (Fuentes, 407 U. S. 67, 75; Sniadach, 395 U. S. 337, 342) and does not involve what would be termed necessities of life. (Fuentes, 407 U. S. 67, 88.) Nor does it mat- . ter that a wrong can later be rectified by restoring the injured party to the status quo ante or through the awarding of damages. (Id., at p. 70; Stanley v. Illinois, 405 U. S. 645, 647.)
It has already been determined by this court that there is an overriding governmental interest in preventing strikes by public employees. (City of New York v. Be Lury, 23 N Y 2d 175; Rankin v. Shanker, 23 N Y 2d 111.) The question under consideration in these cases, however, is if there is an overriding governmental interest in preventing strikes in the manner provided for in the Taylor Act.
The only logical reason put forward by the respondent for denying appellants a prior hearing is that there will be a cer *793 tainty of punishment if no massive number of prior hearings are required, and this will help deter public employees from striking. I use the word “ deter ” advisedly since the deprivations under the Taylor Act are inevitably instituted after the strike in contention has ended. (.See § 210, subd. 2, par. [g], supra.) Hence, the certainty of punishment comes too late to prevent the instant strike and can only deter a future one.[1] In Fuentes v. Shevin (407 U. S. 67, 93, supra) the United States Supreme Court cited instances where it had allowed the State to forego a preliminary hearing before depriving a person of property or liberty. In every one of those illustrated cases, a prior hearing could not be given because the event which the government had an overriding interest in stopping would have already occurred (e.g., the dissemination of contaminated food). Furthermore, in Fuentes (supra, at p. 91) the Supreme Court explicitly stated that two factors must be present before a prior hearing can be denied: (1) “ the seizure has been directly necessary to secure an important governmental or general public interest” (emphasis added); and (2) “ there has been a special need for very prompt action ”. A common-sense reading of those words as well as a close reading of Fuentes demonstrate that deterrence was not meant to be the overriding governmental interest. (See, also, Groppi v. Leslie, 404 U. S. 496, 504, where the .Supreme Court held that a need for deterrence could not justify denying a defendant a hearing involving contempt of the Legislature.)
It is true that if the State tells public employees, in effect, ‘ ‘ If you strike, we will deprive you of your constitutional rights ’ ’, it will deter strikes, but it would do so at an impermissible cost. In the case of Goldberg v. Kelly (397 U. S. 254) there was no doubt that the goal of eliminating nondeserving people from the welfare rolls was a legitimate governmental interest, and the immediate elimination (i.e., without a prior hearing) of “ cheating ” recipients would act to deter other recipients from violating welfare regulations, but the Supreme Court held that the governmental interest was not overriding. What is most bothersome in the case at bar is that the certainty *794 of the punishment applies to the innocent as well as the guilty. (See Fuentes, 407 U. S. 67, 81.)[2]
Even if we were to accept the assertion of the majority that there is no less onerous way to achieve the governmental purpose (Shelton v. Tucker, 364 U. S. 479, 488) and that an extension of the Fuentes criteria (407 U. S. 67, 91) to include deterrence is constitutionally permissible in this sui generis case, I would still hold that the government must allow the employee a hearing as soon as possible. In Boddie v. Connecticut (401 U. S. 371, 378, 379) the Supreme Court stated that there were ‘ ‘1 extraordinary situations ’ that justify postponing notice and opportunity for a hearing” (emphasis added). The Fuentes court used language to the same effect (407 U. S. 67, 90). The hearing referred to is an adversary hearing. (Id., at p. 101; see, also, Goldberg, 397 U. S. 254, 266, 267, supra.) An even more extensive affidavit procedure than that available in the ease at bar was held not sufficient to take the place of a hearing in Goldberg (id., at p. 259). Neither Goldberg, Sniadach, Boddie, Bell, Fuentes, nor any case referred to by the court below has stated that a hearing can be made contingent on the showing of a prima facie case on affidavits as is permitted by the Taylor Act.
There is no valid governmental interest in denying hearings to public employees determined to have been out on strike if we have already deprived the alleged strikers of their property without a prior hearing. Once the alleged striker has been deprived of his tenure and money pending the uncertain outcome of a hearing, any administrative delay will weigh against him, not the State. Even if that were not so, the Supreme Court has made it clear that the cost and time of holding large numbers of hearings is not an overriding governmental interest that justifies the deprivation of property without a prior hearing, much less without any hearing at all. (See Fuentes, 407 U. S. 67, 90, n. 22, 92, n. 29; Goldberg, 397 U. S. 254, 265-266.)
The affidavits submitted in cases like the ones at bar are likely to be ill prepared (possibly even form affidavits) and provide less than a full and fair chance for an employee to present his best possible case. As Justice Frawketjrteb, pointed out in his *795 concurrence in Anti-Fascist Committee v. McGrath (341 U. S. 123,170-172) the fairness can rarely he achieved by a one-sided secret determination of facts. The fact that the decision of the chief executive officer is open to court review through CPLB. article 78 is basically irrelevant since it assumes the very question we are asking. A court reviewing a decision not to allow an employee a hearing (and reviewing the decision for abuse of discretion only) must assume that it is proper to deny an employee a hearing in certain circumstances. Moreover, in Goldberg v. Kelly (397 U. S. 254, 267, supra) the Supreme Court stated that one reason affidavits were not sufficient to take the place of an oral hearing with the recipient present was the need to present a reviewing court with a record on which it could base a reasonable decision. If the employee shows up at the hearing with no more of a defense than he put down on paper, the hearing will be a simple and short matter. On the other hand, many innocent people may have a better defense than was hastily put down on paper, and perhaps some will prove their innocence because they are better able to express themselves in person than in writing.
It must be borne in mind that what we are doing here, in addition to the immediate financial loss, is depriving a man or woman of tenure which may be the result of a lifetime’s effort. An employee suffering the sanctions of the Taylor Act is subject to the summary dismissal provisions of .section 63 of the Civil Service Law. (Matter of Albury v. New York City Civ. Serv. Comm., 32 A D 2d 895, affd. 27 N Y 2d 694.) Several employees were summarily dismissed in the case at bar. Even those employees who are not dismissed during their new probationary period will have to live with a great deal of uncertainty until their tenure is reinstated, and no one can doubt that a probation status has a chilling effect on the exercise of First Amendment rights.
The prevention of strikes by public employees is an important governmental purpose; however, the Supreme Court has not yet held that deterrence is a sufficient predicate for the denial of rights which would otherwise be constitutionally protected. Accordingly I dissent and would vote to modify in accordance with the above opinion.
Order affirmed, etc.

. In the ease at bar, the strike was over for 27 days before any penalties were imposed.

. In the Collins ease now at bar all of the employees receiving hearings up until the time of this appeal had been exonerated; yet, these “ innocent ” employees had been deprived of fundamental constitutional rights without a prior hearing.